US DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

JUL 26 2017

DOUGLAS F. YOUNG, Clerk
By _____
       Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

Case No. 17-5142 PKH

DENNIS WRIGHT
    Plaintiff

Vs

PRIMO WATER CORPORATION
    Defendant

Jury Trial Demanded.

## ORIGINAL COMPLAINT

COMES NOW Plaintiff Dennis Wright, by and through his attorney, Barry D. Baker, and for his Original Complaint ("Complaint"), does hereby state and allege as follows:

### I. PRELIMINARY STATEMENTS

1. This is an action brought by Plaintiff Dennis Wright against Primo Water Corporation (referred to herein as "Defendant"), for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* (the "FLSA") and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* (the "AMWA").

2. Plaintiff seeks a declaratory judgment; monetary damages; liquidated damages; prejudgment interest; and civil penalties and costs, including reasonable attorneys' fees, within the applicable statutory limitations period as a result of Defendant's failure to pay proper overtime compensation under the FLSA and the AMWA.

## II. JURISDICTION AND VENUE

3. The United *States* District Court for the Western District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

4. This Complaint also alleges AMWA violations, which arise out of the same set of material facts as the federal cause of action herein alleged and therefore the state cause of action would be expected to be tried with the federal claim in a single judicial proceeding.

5. This Court has pendent jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

6. The acts complained of herein were committed and had their principal effect against Plaintiff within the Western District of Arkansas. Therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

7. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

8. Plaintiff is a citizen and resident of the State of Arkansas.

9. Plaintiff is an employee of Defendant.

10. Defendant has remained Plaintiff's employer within the meaning of the FLSA, 29 U.S.C. § 203(d), and the AMWA, A.C.A. § 11-4-203, during the period relevant to this lawsuit.

11. Plaintiff worked for Defendant as a "Refill Technician" within the three

(3) years preceding the filing of this Complaint and was paid an annual salary.

12.     Defendant, Primo Water Corporation, Inc., is a publically traded foreign for-profit corporation, licensed to do business in the State of Arkansas and maintaining an agent for service as follows: Cogency Global, Inc., 1215 Twin Lakes Drive, Little Rock, Arkansas 72205.

13.     Defendant has employees engaged in commerce and has employees handling or otherwise working on goods or materials that have been moved in or produced for commerce by others.

14.     Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

15.     At all relevant times, Defendant has had a minimum of four employees.

## IV.    FACTUAL ALLEGATIONS

16.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

17. Plaintiff and Defendant entered into an employer-employee relationship on October 13, 2014.

18.     Defendant hired Plaintiff as a "Refill Technician" for Defendant, a position requiring no formal education, training or managerial responsibilities.

19. As of the date of the filing of this Complaint, Plaintiff continues to work for Defendant as a Refill Technician.

20. Defendant paid Plaintiff an annual salary of $37,000.00 or $17.79 per hour from October 13, 2014 until April 1, 2015, $37,555 or $18.06 per hour until April 1 2016 and $39,999.96 $19.23 per hour until November 27, 2016.

21. Plaintiff was typically required to work at least 60 hours per week and averaged at least 62 hours per week.

22. Plaintiff was typically required to work five to six days per week.

23. Plaintiff always or almost always worked in excess of forty (40) hours per week during his tenure with Defendant.

24. Defendant paid Plaintiff a flat salary and paid for no overtime until November 28, 2016.

## V. LEGAL ALLEGATIONS AND CLAIMS FOR RELIEF

25. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

### A. Violations of the FLSA

26. Because Plaintiff was regularly required to work more than forty (40) hours per week for Defendant, Defendant violated the FLSA by failing to pay Plaintiff the overtime wages required under the FLSA.

27. Plaintiff did not qualify for any exemption from the overtime requirements of the FLSA throughout the period of time he worked for Defendant.

28. Defendant either knew or showed reckless disregard for the matter of whether its conduct was prohibited by FLSA and AMWA

29. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for, and Plaintiff seeks, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorney's fees as provided by the FLSA.

### B. Violations of the AMWA

30. Because Plaintiff was regularly required to work more than forty (40) hours per week for Defendant, Defendant violated the AMWA by failing to pay Plaintiff the overtime wages required under the AMWA.

31. Plaintiff did not qualify for any exemption from the overtime requirements of the AMWA throughout the period of time he worked for Defendant.

32. Defendant violated the AMWA by failing to pay Plaintiff the overtime wages required under the AMWA.

33. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for, and Plaintiff seeks, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorney's fees as provided by the AMWA.

### C. Punitive Damages

34. Arkansas Code Annotated § 16-55-206 states that a plaintiff may be awarded punitive damages if the plaintiff shows that the "defendant knew or ought to have known, in light of the surrounding circumstances, that his or her conduct would naturally and probably result in injury or damage and that he or she

continued the conduct with malice or in reckless disregard of the consequences."

35. Defendant knew or should have known of its obligations under the AMWA to pay non-exempt employees one and one-half times their regular rate for all hours worked over forty per week.

36. Defendant knew or should have known that its failure to compensate Plaintiff for all hours worked would naturally result in damage to Plaintiff in the form of unpaid wages, yet continued its course of conduct with reckless disregard for the consequences to Plaintiff.

37. Defendant is liable to Plaintiff for punitive damages in accordance with the Arkansas Civil Justice Reform Act, Ark. Code Ann. § 16-55-206, for Defendant's knowing and unlawful failure to pay overtime wages.

## VI. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Dennis Wright respectfully prays that Defendant be summoned to appear and to answer herein and for declaratory relief and damages as follows:

A. A declaratory judgment that Defendant's practices alleged herein violate the FLSA, the AMWA, and their relating regulations;

B. Judgment for damages suffered by Plaintiff for all unpaid overtime wages under the FLSA, the AMWA, and their related regulations;

C. Judgment for liquidated damages owed to Plaintiff pursuant to the FLSA, the AMWA, and their relating regulations;

D. Judgment for any and all civil penalties to which Plaintiff may be entitled;

E. Judgment for punitive damages pursuant to the Arkansas Civil Justice Reform Act;

F. An Order directing Defendant to pay Plaintiff prejudgment interest, reasonable attorneys' fees, and all costs connected with this action; and

G. Such other relief as this Court may deem necessary, just, and proper.

Respectfully submitted,

Dennis Wright, Plaintiff, by

_____

Barry D Baker ABA 98027
P.O. Box 3834
Fayetteville, AR 72702
TELEPHONE: (479) 251-1890
FACSIMILE: (479) 439-7103
EMAIL: werthelaw@aol.com